# Vankirk, Appellant, *v.* Patterson.

*Vendor and vendee—Option—Title—Issue to quiet title—Act of June* 10, 1893, *P. L.* 415.

A controversy between vendor and vendee as to compliance or default by the latter in regard to the terms of an option may be the subject of a remedy by rule and issue under the Act of June 10, 1893, P. L. 415.

Where an owner of land who has given an option has filed a bill on the equity side of the court to have the option set aside for default by the defendant, and the case has been tried on the merits and a decree made against the complainants, the latter cannot subsequently resort to the remedy by rule and issue under the act of June 10, 1893.   By the decree on

the bill in equity, the controversy became res adjudicata. In such a case where the petition for the issue and the answer thereto shows that the controversy had already been adjudicated, the court is not bound to grant the issue and have the question of the former decision raised by plea.

Argued Oct. 20, 1902. Appeal, No. 145, Oct T., 1902, by plaintiffs, from order of C. P. Greene Co., May T., 1902, No. 7, refusing an issue, in case of Edward Vankirk and Elizabeth Vankirk v. J. G. Patterson and James Patterson. Before Mc-COLLUM, C. J., MITCHELL, DEAN, FELL, BROWN, MESTREZAT and POTTER, JJ. Affirmed.

Petition for an issue under the act of June 10, 1893. CRAW-FORD, P. J., filed the following opinion:

The petitioners for this rule are asking for an issue under the Act of June 10, 1893, P. L. 415, to try a matter already adjudicated between themselves and the respondents.

A bill in equity was filed in this court sometime since by the petitioners, asking for the surrender and cancelation of a contract for the sale of the Pittsburg or River vein of coal in and under the petitioners' land in Morgan township, this county.

To this bill the respondents answered, and the case was heard in regular order, and followed with a decree dismissing the bill at plaintiffs' cost. The case was then carried on appeal to the Supreme Court, where the decree of this court was affirmed. See Vankirk v. Patterson, 201 Pa. 90.

The question determined there was whether or not the sale of the coal was made under the optional contract referred to in this petition. It was held that the contract was binding, and that the respondents had not forfeited their rights under it. Thus the subject-matter sought to be brought up by this rule is res adjudicata.

Neither this nor the appellate court undertook in that proceeding to say whether or not the act of June 10, 1893, was applicable to a case of this kind, as that question was not raised. My own view is, that that act was only intended to apply where one not in possession of land disputes or denies the right of title or right of possession of the person or persons in possession claiming to hold the same by right of title. In short, the object of the legislature was to provide a simple and speedy remedy to quiet title where adverse claims of title were being asserted

against the party in possession. It was not intended to abolish or supersede equity procedure or the existing remedies for the determination and enforcement of contracts. One who puts on record a contract of sale, or an optional agreement which he may make absolute as a contract of sale, is not thereby setting up an adverse title or right against his vendor in possession. He is simply giving constructive notice of his contractual relations under which he may become the owner of that title. In truth, he affirms the title when he is willing to step in and pay for it. He claims by and through his vendor's title, and not adversely to it. I cannot think the act of 1893 was meant to cover a case of this character. But whether it was or not, would not help the petitioners now. They elected to come into a court of equity and prosecuted their case there on its merits to final judgment in the court of last resort. While that judgment stands, they cannot be heard in a different proceeding in this court on the same facts. The rule will therefore be discharged.

*Error assigned* was the order of the court.

*James E. Sayers*, with him *H. J. Ross*, for appellants.

*A. F. Silveus*, with him *Willis F. M' Cook*, for appellees.

OPINION BY MR. JUSTICE MITCHELL, January 5, 1903:

In Ullom v. Hughes, ante, p. 305, it is held that a controversy between vendor and vendee as to compliance or default by the latter in regard to the terms of an option, may be the subject of a remedy by rule and issue under the Act of June 10, 1893, P. L. 415. But it was also there held that the act did not supersede or affect any of the former remedies, but only supplied one that was cumulative or additional.

While, therefore, the controversy set up by the petition in the present case is prima facie within the statute, yet there is nothing in the act or in the construction given to it in Ullom v. Hughes to prevent the application of the general rule of res adjudicata. Where there are concurrent remedies, a trial on the merits in any one of them is conclusive of the controversy in all the others. Such was the case here. The present peti-

tioners filed a bill on the equity side of the court to have the option set aside for default by the defendant. The case was heard on the merits and a decree made against the plaintiffs: Vankirk v. Patterson, 201 Pa. 90. The issue was the same that was sought to be raised again by the present petition, and the court was right in holding the decree a bar on the ground of res adjudicata.

It is argued by appellant that the issue should have been awarded, and the question of the former decision raised by plea, and Del. & Hudson Canal Co. v. Genet, 169 Pa. 343, is cited in support. In that case it was said, " and if it should turn out at the trial, that the dispute was not over facts, but over the law resulting from them, this would not affect the remedy any more than it would affect an equitable ejectment. The right to the issue having been shown by the possession and the denial of title, the issue goes on to trial on the facts and the law, as in other cases." But it was not meant that the court must go through the vain form of awarding an issue where the facts before it show that there is no dispute now existing. The argument proves too much for if pushed to its logical conclusion it would compel the court to grant an issue, although a similar issue had already been granted, tried and determined. In the present case the answer set up the prior adjudication of the same cause of action. There was no denial of the identity of the issue asked with that already adjudicated. All the facts appeared, undisputed, on the record, and the court was as fully in position to render judgment as it would have been with the case before a jury on the plea of former adjudication. Had there been a replication raising any question of fact, or had the facts not appeared affirmatively on the record, the case would have been different, and would then have been proper for an issue even though at the trial it should turn out, as said in Canal Co. v. Genet, that the real question in dispute was one of law only.

Judgment affirmed.