# O'Malley, Appellant, *v.* O'Malley.

*Practice, C. P.—Affidavit of defense—Doubtful averments—Res adjudicata.*

1. An evasive affidavit of defense is bad.

2. If an affidavit of defense leaves in doubt exactly what it means, the doubt must be resolved in favor of the plaintiff.

3. An averment in an affidavit of defense that a pending cause of action had been determined in a prior proceeding, must be so exact and full as to remove all doubt on the subject. Hence the facts in regard to the prior case must be fully set forth in the affidavit, or the proceedings must, by reference, be incorporated in the affidavit.

*Entireties—Estate by entireties—Husband and wife—Effect of divorce—Deed—Lease—Division of income—Equity.*

4. A title by deed retains the incidents which pertain to it at its inception. Hence a divorce of the parties does not destroy the incidents of an estate by entireties, either as relates to the final disposition of the property or to its income while both parties are alive.

5. The incidents of an estate by entireties are that the income of the property belongs to each in its entirety and not to one exclusively, and the corpus passes to the survivor unaffected by anything which the decedent may have done.

6. The right of either spouse to lease a property held by entireties and to collect the rent thereof, is not an incident of such an estate, but only flows from the fact that the parties hold by entireties.

7. The acts relating to the property of married women do not alter the incidents of an estate by entireties, but since their passage a purchaser of the title of one acquires no right of possession during the life of the other, neither can sell even the expectancy

of survivorship, without the joinder of the other, nor can a valid title to the income or expectancy of survivorship of one be obtained by a sheriff's sale or under proceedings in bankruptcy.

8. After a divorce, unless some other equity has intervened, a court distributing the income of an estate held by entireties, will divide it equally between the parties.

9. So too the parties, after a divorce, may agree to the disposition of such income, and the agreement will be binding and enforceable.

10. After a divorce, if one of the parties collects more than an equal portion of the income, the law will imply a promise to pay to the other his or her fair share thereof.

*Case law—Opinions—General expressions—Maxim.*

11. General expressions in an opinion must always be limited to the facts of the case. If this were not so, every dictum would become a binding precedent.

12. Myer's Estate (No. 2), 232 Pa. 95, distinguished.


Argued January 5, 1922.   Appeal, No. 277, Jan. T., 1922, by plaintiff, from judgment of Superior Court, Oct. T., 1921, No. 197, reversing order of C. P. No. 4, Phila. Co., March T., 1921, No. 1359, making absolute rule for judgment for want of a sufficient affidavit of defense, in case of Mary O'Malley v. Patrick O'Malley. Before MOSCHZISKER, C. J., FRAZER, WALLING, SIMPSON, KEPHART, SADLER and SCHAFFER, JJ.   Reversed.


Assumpsit for share of rentals.

Appeal from Superior Court.

The opinion of the Supreme Court states the facts.

Judgment of common pleas reversed.   Plaintiff appealed.


*Error assigned* was, inter alia, judgment, quoting it.


*Elton J. Buckley,* for appellant.—The common law right of the husband to the entire usufruct of an estate by entireties during the joint lives of his wife and himself was not an incident of that estate, but was part of his common law marital rights: Hiles v. Fisher, 144 N. Y.

306; Roulston v. Hall, 66 Ark. 305; Thornley v. Thornley, 2 Ch. 229.

The law as laid down by the Superior Court is wholly inconsistent with the fundamental view which the Pennsylvania law has always taken as to the rights of the parties in tenancy by entireties: McCurdy v. Canning, 64 Pa. 38.

*W. Horace Hepburn, Jr.,* for appellee, cited: Hilt v. Hilt, 50 Pa. Superior Ct. 455; Alles v. Lyon, 216 Pa. 604; Meyers's Est., 232 Pa. 95; Stuckey v. Keefe, 26 Pa. 397.

OPINION BY MR. JUSTICE SIMPSON, February 6, 1922:

Plaintiff sued in assumpsit for an accounting of the rents of a property which had been conveyed to defendant and her while they were husband and wife, but which, after they were separated, he had leased, and appropriated the whole thereof to his own use and continued so to do though they were now divorced. Upon a rule for judgment for want of a sufficient affidavit of defense, the court of common pleas directed him to file an account; this the Superior Court reversed, without awarding a procedendo, and from its judgment we allowed the present appeal.

The case might well be determined in favor of appellant for a reason not adverted to in the opinion of the latter court. The statement of claim avers that after their separation "an arrangement was made between the parties that the said premises should be placed in the hands of Worster & Krider, real estate agents, for rental, and that said agents should pay plaintiff one-half of the net revenues of said property from then on"; that subsequently "defendant without plaintiff's knowledge or consent......removed said property from the hands of Worster & Krider and placed it in the hands of one Cyril E. Hepburn, [and......when] she protested, defendant ......delivered to her a registered letter informing her that he had removed the said premises from her posses-

sion, but agreeing to pay plaintiff one-half of the net revenues of said property and to properly care for plaintiff's interests"; that thereafter the new agent had collected the rents, but plaintiff had received nothing on account thereof. The affidavit of defense "denies that in violation of any agreement, he [defendant] removed said property from the hands of Worster & Krider, and denies any agreement whatsoever; ......he denies that Cyril E. Hepburn regularly collected the rentals from said premises," but he does not deny that he received them, or that he made the agreement "to pay plaintiff the one-half of the net revenues of said property," which agreement would of course be enforceable, since each had an interest in the accruing rents. The averment that he "denies any agreement whatsoever," from its context evidently has relation only to the Worster & Krider agency, or is so evasively stated as to leave it doubtful to what it does refer, and hence the doubt must be resolved in favor of plaintiff: Erie City v. Butler, 120 Pa. 374; Law v. Waldron, 230 Pa. 458.

Despite this, we prefer to decide the case upon the broader ground argued at length in the Superior Court and here; considered thus, two questions arise: (1) Whether or not, after the divorce, defendant had a right to retain to his own use all the rents, without accounting to plaintiff for any part thereof?; and (2) Whether a prior proceeding in equity, instituted in another court and dismissed on demurrer, is conclusive of plaintiff's claim in the present case?

So far as this latter question is concerned, the affidavit of defense simply says that a bill in equity was filed for an accounting of these rents, a demurrer to it was sustained, and thereby the "said matter has been adjudicated"; it does not allege who filed the bill, does not set forth the demurrer or state why it was sustained, and does not by reference incorporate the proceedings in that case into the affidavit of defense in this; its averments are, therefore, insufficient to defeat the present

action: Blood v. Crew Levick Co., 177 Pa. 606; Feather v. Hustead, 254 Pa. 357.

Upon the main question the authorities, in other jurisdictions, are in hopeless conflict.  Admittedly the great weight thereof is that by a divorce the unity which is essential to an estate by entireties is destroyed, and hence it is converted into a tenancy in common: 21 Cyc. 1201; 13 R. C. L. 1121-3; 30 L. R. A. 333, n.; 10 L. R. A. (n. s.) 463, n.; L. R. A. 1915 C 396, n.   We have held, however, that after a divorce the estate retains the incidents which pertained to it at its inception: Alles v. Lyon, 216 Pa. 604.  True, the question raised in that case affected only the right of possession while the former husband and wife were still alive, but the reasoning of the opinion applies equally well to the accruing income, and since it is sound in principle we intend to apply it thereto. Indeed, when the cases elsewhere are examined, it will be found that this ancient estate is treated as converted into a tenancy in common, largely because it is believed this will solve some if not most of the difficulties which would otherwise arise in regard to it after a divorce.   We do not feel justified, however, in altering the intention appearing in the deed itself, merely because difficulties will arise if we do not; especially since the conclusion we have reached will cause most if not all of them to disappear.

What then are the incidents of an estate by entireties? In answering this question, care must be taken not to confound the actual incidents of the estate,—namely, that the accruing income, while the grantees live, belongs in its entirety to each of the two and not to one exclusively, and the corpus passes to the survivor unaffected by anything which the decedent may have done,—with the results which flow therefrom, under the circumstances of particular cases.

Before the passage of the various statutes relating to the property of a married women, a husband who held with his wife an estate by entireties, had absolute control

of it and its income, exactly as if he were the owner in fee; he could alien it and the purchaser would obtain an estate for the life of the husband and an absolute estate in remainder, if the latter survived his wife; if waste was committed he could sue in his own name and for his sole benefit, to recover for the resultant injury, even though the effect of the waste was to render practically valueless the property which would be the wife's if she survived him: Fairchild v. Chastelleux, 1 Pa. 176. This, however, was not an incident of the estate by entireties, but of the marital relation, and applied to the property of the wife, whether owned in fee simple or otherwise. All this was changed, however, by these acts, and though the estate by entireties remained as theretofore (Diver v. Diver, 56 Pa. 106; Bramberry's Est., 156 Pa. 628; Meyer's Est. (No. 1), 232 Pa. 89), a purchaser of the husband's interest acquired no right of possession during the wife's life, either alone or with her (McCurdy v. Canning, 64 Pa. 39; Meyer's Est. (No. 1), 232 Pa. 89); neither husband nor wife could sell even the expectancy of survivorship, without the joinder of the other, nor could a valid title to the immediate interest or expectancy be obtained by a sheriff's sale or under proceedings in bankruptcy: Beihl v. Martin, 236 Pa. 519.

In view of those statutes (which were in force when the deed to plaintiff and defendant was made), who is entitled to the rent of a property held by entireties? Because of the unity of person and estate existing during marriage, either spouse may lease it and collect the rent; but this is so not because the right to do it is an incident of the estate, on the contrary it only flows from an incident thereof. While the marriage subsists it is a matter of indifference which of the parties leases the property or which of them obtains the rents; presumptively the moneys received will be expended for the benefit of both of them. The unity of the relation of the parties results in a unity of the estate; the leasing by either is for the

benefit of them in that relation, and the rents paid to either is to him or her in that relation only.

After a divorce, however, a different situation necessarily arises. If a fund consisting of the rents of such a property was before a court for distribution, as for instance if paid in by a tenant for years having an earlier title, or if collected by a receiver of the property,—appointed because of a threatened or actual deterioration thereof, growing out of disputes between the tenants by entireties or otherwise,—and no other equity intervened, the court would unhesitatingly divide the net rents between the former husband and wife in equal shares. So, also, if an agreement for an equal division had been made, as is alleged to have been the case here, and one of the parties endeavored to repudiate it, the courts would unquestionably enforce it. Yet in all such instances the parties would hold per tout just as they do where the fund is not before the court and the parties have made no agreement. These conclusions are permissible, because no incident of the estate is affected, hence the law is not violated, and equality of division effectuates the equity which has always been part of the common law of this State. The same reason calls for the enforcement of an equal division where, as here, each has an equal right to all the rent; under such circumstances the law will imply a promise, by the receiver of that which belongs equally to each, to give to the other his full proportion thereof. No legal principle compels the chancellor to wait until, by reason of the conflicting claims upon the tenant in possession, he is driven out, the rents are lost and the property is deteriorating in value, and possibly the claimants and their partisans are indulging in breaches of the peace in the endeavor to enforce their conflicting but equally meritorious claims. On the contrary, the gross inequity which necessarily results where one, having only an equal right with another, nevertheless takes all, and the not unreasonable probability of bodily harm being done and the public peace disturbed because the

other endeavors to obtain her legal rights, is a potent warning that a conclusion which compels such injustice has error somewhere coiled in it. We have already pointed out what and where it is. Indeed it might as well be said that since each takes all for the benefit of both while the unity of person continues, when, after that unity is destroyed by the act of the law, one takes the entirety and denies all right in the other, an incident of the estate is destroyed, a result which this appellee strenuously argues cannot be allowed.

If it be suggested that the effect of the conclusion reached is to permit the creditors and alienees of one, without the consent of the other, to acquire an interest in the rents, though they could not do this while the grantees were husband and wife, and hence, after a divorce, they became for all practical purposes tenants in common so far as the rents are concerned, it is answered that the law is desirous for and not antagonistic to the payment of creditors, whether voluntarily or by legal proceedings, if this can be done without injuriously affecting other rights, as it may be after a divorce; and if it is imagined that other serious results may follow, it need only be added that doubtless an adequate remedy will be found for them when, if ever, they are shown to exist. Certainly no greater incongruity can arise than there would be now, if appellee's claim is sustained; for if he may take exclusive possession of the property and collect and keep all the rents for his own benefit, so also he may transfer them to a third party, either before or after they are paid, and thus, quoad the rents, the unity of interest will be destroyed.

A careful search of all our cases fails to disclose one which in any way antagonizes the above conclusion, unless it is Meyer's Est. (No. 2), 232 Pa. 95, 97, where it is said: "Being an estate by entireties neither husband nor wife could, under any circumstances, require an accounting by the other; nor could either restrain the other from consuming more than an equal part." In

that case the question arose while husband and wife were both alive, married and living together, the attempt was to compel the wife to give security to a trustee in bankruptcy of the husband, before she would be permitted to enjoy the estate which she held in entirety, and it was decided, in accordance with all our later cases above referred to, that her right to its enjoyment could not be thus hampered. Limited to the facts of the case the quotation is unobjectionable; beyond that it must not be understood to go. "It is a maxim not to be disregraded, that general expressions, in every opinion, are to be taken in connection with the case in which those expressions are used. If they go beyond the case, they may be respected, but ought not to control the judgment in a subsequent suit, when the very point is presented for decision": Cohens v. Virginia, 6 Wheaton 264, 399-400, per MARSHALL, C. J. If this were not so, every dictum would become a binding precedent, which of course it is not.

The judgment of the Superior Court is reversed, and that of the Court of Common Pleas No. 4 of Philadelphia County is affirmed, and a procedendo is awarded.

A motion for a reargument of the above case was denied, as follows:

March 6, 1922, reargument refused; but the order heretofore made is amended, by consent of appellant, by adding at the end thereof, the words "the accounting therein ordered to begin as of the date of the divorce of appellant and appellee on December 18, 1917, but without prejudice to appellant's right to proceed for the balance of her claim."