## Krizovenisky v. Krizovenisky et al.

*Silas R. Rothermel,* for plaintiff.

*John A. Rieser* and *John W. Forry,* for defendants.

SHANAMAN, J., Oct. 11, 1929.—Plaintiff's bill alleges that she and her husband own a house by entireties; that due to his cruelty to her, she was forced to withdraw from it, and that they are since living separate and apart; that she and he both contributed to the purchase price of the house, which, since her leaving, he has rented to a tenant and from which he has received rents, the net amount of which, after taxes, water rent and interest paid, was, at the time of the filing of the bill, $96.28. She further avers that he refused to pay or account to her for these or any other rentals of the said property. She has made him a defendant and has joined as defendant one Paul O. Wolf, who, she alleges, is his agent for the collection of the said rentals, and has refused to pay any of them to her. She seeks a decree that they pay her one-half of their present and future collections and any additional sums which the chancellor may order paid. They have filed what they call an answer preliminarily objecting to the bill, but which, with the exception of the fifth reason, that plaintiff has a remedy at law, is substantially a demurrer.

The case of O'Malley *v.* O'Malley, 272 Pa. 528, authorizes such a plaintiff, after a divorce, to sue in *assumpsit.* The Act of May 10, 1927, P. L. 884, also permits her, after a divorce, to sell the property by a quasi-partition proceeding. The present parties are separated, but not divorced. Under such circumstances, she cannot avail herself of the authorities just mentioned. The Act of May 24, 1923, P. L. 446, would, however, authorize her, if she first obtained a support order, to sell the property in execution of that order. The question is whether she has a further right to bring the present bill in equity.

In Meyer's Estate (No. 2), 232 Pa. 95, 96, the Supreme Court said: "Being an estate by entireties, neither husband nor wife could, under any circumstances, require an accounting by the other; nor could either restrain the other against consuming more than an equal part. The effect of requiring security as a condition of the wife's enjoyment of her estate would be to restrain con-

sumption by her of her own property in order that her husband's creditors might be protected. She received the estate on no such condition. It is hers to consume if she so desires. The husband would be powerless to prevent it by legal proceedings, and those claiming under him have no higher rights."

In O'Malley v. O'Malley, supra, the Supreme Court, at page 535, explained Meyer's Estate, above cited, as follows: "In that case, the question arose while husband and wife were both alive, married and living together, the attempt was to compel the wife to give security to a trustee in bankruptcy of the husband before she would be permitted to enjoy the estate which she held in entirety, and it was decided, in accordance with our later cases above referred to, that her right to its enjoyment could not be thus hampered. Limited to the facts of the case the quotation is unobjectionable; beyond that it must not be understood to go." The quotation referred to, and which the Supreme Court has thereby limited, was the statement that neither spouse could restrain the other from consuming more than an equal part.

In the case of Gasner v. Pierce et al., 286 Pa. 529, the Supreme Court said, at page 533: "Because of the unity of person and estate existing during marriage, either spouse may lease it and collect the rent; but this is so not because the right to do it is an incident of the estate, on the contrary, it only flows from an incident thereof. While the marriage subsists it is a matter of indifference which of the parties leases the property or which of them obtains the rents; presumptively, the moneys received will be expended for the benefit of both of them. The unity of the relation of the parties results in a unity of the estate; the leasing by either is for the benefit of them in that relation, and the rents paid to either is to him or her in that relation only." Again, on the same page, the Supreme Court said: "The husband could not sell the land or dispose of it in any way without the consent of his wife. If this were not true, the one tenant by entirety might destroy the entire beneficial interest of the other during his lifetime. Both are entitled to the entire income to be used for their joint benefit, and neither may deprive the other of the use of the rents accruing unless by agreement." On page 535 of the same decision, the Supreme Court said: "Legally, the husband acted for himself and as agent of the wife, executing the lease in the right of both." Again, on the same page, the court said: "Here, though either husband or wife could lease, both were entitled to the income. When the former acted, it was presumably with her authority and on her behalf. Whichever collected the rent, the appropriation of it must be for their joint use, and the receiver was bound to account to the other."

Some of these statements may have been dicta, in view of the fact that Gasner v. Pierce does not present the case of a suit of one spouse against the other. However, they are portions of a thorough discussion of the rights of tenants by entireties in rentals proceeding out of a lease of the premises, and, together with the careful exposition of the germane principles contained in O'Malley v. O'Malley, supra, which expressly limited Meyer's Estate, supra, to its peculiar facts, the above cited quotations furnish an adequate authority for such nisi prius decisions as Hahn v. Hahn, 2 Erie, 2; Aaron v. Aaron, 72 Pitts. L. J. 384, and Zwolski v. Zwolski, 75 Pitts. L. J. 534.

While Solack v. Solack, 28 Dist. R. 592, is cited in Gasner v. Pierce, supra, it is cited for a different proposition than its statement that neither spouse can obtain an accounting from the other, and the Supreme Court, almost immediately after citing it, concludes by saying: "Whichever collected the rent, the appropriation of it must be for their joint use, and the receiver was bound to account to the other."

610

The rule where parties are separated but not divorced, as here, has not explicitly been laid down by the appellate courts of Pennsylvania. The same practical and equitable considerations which the Supreme Court in the O'Malley case, *supra* (272 Pa., at 534, 535), set forth as a basis for permitting a suit by one against the other after divorce to recover rentals, would seem to apply to a case where the parties are separated but not divorced.

In Aaron *v.* Aaron, *supra*, the bill in equity presented a case similar to the present one, except that in that case the parties were living together. Nevertheless, the court, in dismissing defendant's demurrer, said, at page 384: "If the husband is to be allowed to do what the demurrer admits he intends and is attempting to do, the wife will be deprived of property which is certainly in a general sense her separate estate, and as she is empowered by the acts of assembly on the subject to maintain an action against her husband in regard to her separate estate, we see no reason why she should not maintain it merely because the estate is one by entireties."

And now, to wit, Oct. 11, 1929, defendants' preliminary objections are overruled, and the defendants are given fifteen days after notice hereof to answer the bill.

From Charles K. Derr, Reading, Pa.