## Klein v. Klein

*Leonard B. Rosenthal*, for plaintiff.
*Levi, Mandel & Miller*, for defendant.

ALESSANDRONI, J., March 8, 1950.—Complainant filed a bill in equity against her husband seeking, inter alia, an accounting of the rents from properties held by them as tenants by the entireties.

It is conceded that the parties married in 1923 and have had four children, three of whom are minors. On or about March 29, 1948, they separated and have lived apart until the present time, the children residing with

complainant. The parties are the owners of two properties which they hold as tenants by the entireties, and since the date of the separation, the husband has been collecting all of the rents issuing therefrom. It further appears that complainant has initiated support proceedings in the domestic relations division of the municipal court and, although an order has been made, arrearages have accumulated as disclosed by the answer of respondent. Finally, it is not denied that respondent has not turned over to complainant any portion of the rents since March 1948.

This court ordered the husband to file an account, so that we could determine whether there is a cognizable controversy. If the net rental from the property is such that the amounts paid under the support order constitute an equal share of the rents, complainant has no right to further relief.

Defendant, however, excepts to that order of the court, and, although it appears that he is willing to file an informal account, he refuses to file an account under oath and denies that this court has the power to require him to do so.

Before entering into a discussion of that interesting question, we note that complainant originally asked for partition, to which respondent agreed. At the hearing, however, complainant withdrew that prayer, apparently because of her expectation of becoming the survivor.

Respondent contends that the legal unity of husband and wife, separated but not divorced, precludes an accounting under the circumstances. In the first place, it is contended that such an action is repugnant to the concept of an estate by the entireties; in the second place, that the rents issuing therefrom are not her "separate" property, within the meaning of the Act of June 8, 1893, P. L. 344, sec. 3, as amended by the

Act of March 27, 1913, P. L. 14, 48 PS §111, removing a wife's disability in a suit against her husband.

It is true that there are no moieties between husband and wife since they hold per tout et non per my. It has likewise been said that where there is an estate by the entireties "no action of partition, or waste, or account, or ejectment can be maintained by one against the other . . .": Stuckey v. Keefe's Executors, 26 Pa. 397, 400; see also Stimson v. Stimson, 346 Pa. 68; Meyer's Est. (No. 2), 232 Pa. 95, 97. After divorce, it is clear that the estate partakes of a tenancy in common insofar as one spouse may maintain an action to recover one half of the rental value of the property: O'Malley v. O'Malley, 272 Pa. 528; Cornelius v. Cornelius, 104 Pa. Superior Ct. 455.

The marital status has so far degenerated as to be one in name only. There is no moving reason for believing that litigation can do further damage to a marriage that serves only as a base for the pursuit of property rights. Complainant is being deprived effectively of a property interest, if she can be required to remain without support while her husband enjoys exclusively the net rentals of properties which are hers as much as they are his.

The case of Wakefield v. Wakefield, 149 Pa. Superior Ct. 9, relied upon by respondent, contains a well documented discussion of the common-law concept of this estate in real property. It is distinguishable upon the facts, however. In that case there was no allegation of intent to defraud, no averment that the husband was using the funds derived from the rental for his individual purposes, no charge that he failed to support his wife or that she contributed to the purchase price. Therefore, the court concluded, at page 13:

"Consequently, it being admitted that plaintiff and defendant are still wife and husband, *under the circumstances set forth in the bill* neither could require an

accounting by the other of the rents from the real estate owned by them as tenants by entireties."

It must be remembered constantly that the accruing income from such an estate belongs in its entirety to each of the two and not to one exclusively: O'Malley v. O'Malley, 272 Pa. 528, 532. Although either can lease and collect the rents so that a third party is protected (Gasner v. Pierce et al., 286 Pa. 529), the reason such action is a matter of indifference to the law is the presumption that the moneys received will be expended for the benefit of both of them. We must stultify ourselves in presumptions to reach that conclusion, when there has been the common form of separation with its attendant bitterness and recriminations. The reasons for permitting a division of rentals after a divorce decree are present with equal force prior thereto.

". . . the gross inequity which necessarily results where one, having only an equal right with another, nevertheless takes all, . . . is a potent warning that a conclusion which compels such injustice has error somewhere coiled in it": O'Malley v. O'Malley, supra, 528, 534-535.

The law has recognized the property interest of a spouse in the rental income of such estate. "Both are entitled to the entire income to be used for their joint benefit, and neither may deprive the other of the use of the rents accruing, unless by agreement." And further, "Whichever collected the rent, the appropriation of it must be for their joint use, and the receiver was bound to account to the other": Gasner v. Pierce et al., supra, 529, 533, 536. ". . . neither may by such action destroy the true purpose of the estate by attempting to convert it or part of it, in bad faith, into one in severalty": Madden et al. v. Gosztonyi S. & T. Co., 331 Pa. 476, 489. ". . . neither tenant may separately dispose of any part so as to work a severance of the

estate . . . nor perform any act or make any contract respecting the property which would prejudicially affect the other, for it belongs equally to both, and each has a joint right with the other to its possession, use and enjoyment during the existence of the marriage. . . . It is true that either spouse presumptively has the power to act for both, so long as the marriage subsists, without any specific authorization, *provided the fruits or proceeds of such action inure to the benefit of both.* . .": Schweitzer v. Evans, 360 Pa. 552, 556. See also Krizovenisky v. Krizovenisky et al., 13 D. & C. 608; Stevens v. Stevens, 22 D. & C. 696; Kaufmann v. Kaufmann, 166 Pa. Superior Ct. 6; Berhalter v. Berhalter et al., 315 Pa. 225; Werle v. Werle, 332 Pa. 49.

Legislative recognition has been given to the practical considerations which are attendant, so that under the Act of May 24, 1923, P. L. 446, a spouse may sell a property held by the entireties in execution of a support order.

The recognition of a property interest has no meaning if we deprive the owner of the income therefrom. It is an anomaly to hold in one breath that a spouse has an equal right to all the property, and, in another, to deny her the right to any of the income. Our basic concepts of the institution of private property are thereby shattered. As long as husband and wife live together, courts will not inquire into the particular method in which the issue of joint property is applied for their common benefit. When there has been a de facto dissolution of that marriage, and the parties are living separate and apart, the presumption vanishes in the light of reality. Her equal share of the income is not being used for their joint benefit when it is being appropriated exclusively by one. This is her separate property which she can recover and she need not remain without support while her husband alone enjoys

the fruits of the estate. His conduct in so doing, for all practical purposes, has destroyed the true purpose of the estate, and he cannot do so with immunity.

In the event respondent desires to present any evidence which was not offered by reason of the theory adopted at the hearing, he shall be permitted to do so at the time of the accounting. We do not believe that an equity trial should close the door to substantive evidence, for technical reasons. This action does not involve disputed questions of fact, and if counsel elect to present a stipulation of any material matter, the same will be considered with the accounting.

### Order

And now, to wit, March 8, 1950, respondent's exceptions are dismissed.