## White *v.* Young, Appellant.

Argued November 10, 1959. Before HIRT, GUNTHER, WRIGHT, WOODSIDE, ERVIN, and WATKINS, JJ. (RHODES, P. J., absent).

*Francis A. Barry*, with him *David M. Harrison, Edward S. Martin*, and *Harrison & Louik*, for appellant.

*Adolph L. Zeman,* with him *Robert L. Zeman,* and *Zeman & Zeman,* for appellee.

OPINION BY GUNTHER, J., December 17, 1959:

This is a suit in equity. The appeal before us is from an order of the court below dismissing preliminary objections and requiring defendant to file an answer.

Appellant is raising a question of jurisdiction under the provisions of the Act of March 5, 1925, P. L. 23.

The complaint filed in the lower court was seeking an order to have an oil and gas lease terminated; it also petitioned the court to decree that the leasehold was abandoned by appellant; that the appellant be required to deliver a surrender of said lease; that the appellant be required to plug the well; and to remove from the premises remaining equipment belonging to the appellant.

H. H. White, appellee herein, on September 3, 1945 leased to Charles E. Young 84 acres for the purpose of operating and drilling for oil and gas. The lease was drawn for a ten year term from the date thereof, and as much longer as oil and gas were found in paying quantities or as the rental described therein was paid. A well was drilled in 1946 and produced oil in paying quantities until June 28, 1955, when operation ceased.

The term of the lease expired on September 3, 1955 and on January 28, 1956, or prior thereto, appellant removed the motor, and on September 27, 1957 pulled the rods. On July 29, 1958, appellant was notified that his tenancy was terminated.

When a complaint in equity avers an abandonment of a leasehold for oil and gas, does equity have jurisdiction to decree an abandonment, to require the de-

fendant to surrender the leasehold and to plug the well?

Appellant contends that the leasor has a complete, adequate and exclusive remedy in such instance in an action of ejectment, citing *Kalyvas v. Kalyvas,* 371 Pa. 371, 89 A. 2d 819; *Versailles Township Authority v. The City of McKeesport,* 171 Pa. Superior Ct. 377, 90 A. 2d 581, as authority for his contention.

Review of the cases leaves no doubt that in ordinary cases involving the relationship of landlord and tenant there exists a remedy in ejectment, but the question here is whether, under the facts in this case, ejectment is the only adequate and exclusive remedy.

In *Michalski v. Kruszewski,* 330 Pa. 62, 198 A. 673, it was held that bills to quiet title are an independent branch of equity jurisdiction and such jurisdiction is not taken away by similar jurisdiction subsequently conferred on courts of law. The court below in that case certified the case to the law side on the ground that there was an adequate legal remedy by rule to bring ejectment. On appeal the lower court was reversed.

Since the expiration of the lease on September 3, 1955, the rights of the appellant arise under the clause which extends the lease only as oil or gas is found in paying quantities, or the rental as therein described is paid. There were no rentals or royalties paid after September 3, 1955.

In *Clark v. Wright,* 311 Pa. 69, 166 A. 775, our Supreme Court held that if no limit of time could be placed to comply with the terms of the lease the land would be continuously subjected to a lease which brought no returns to the lessors and the lessors would be without remedy to compel any. The lease would rest as a perpetual cloud on the title, gravely affecting the market value of the surface land.

In *Cassell v. Crothers*, 193 Pa. 359, 44 A. 446, the Supreme Court affirmed a lower court's opinion which held that the tenancy as to the surface of the land after the expiration of the fixed period, and after the fact that oil is not being produced in paying quantities, is a tenancy at will.

We have before us a bill to quiet title. It has been held that a bill to quiet title may be filed, even if a rule to bring ejectment is available. See *Michalski v. Kruszewski*, supra.

In *Klavon v. Tindall*, 180 Pa. Superior Ct. 408, 119 A. 2d 554, Judge ERVIN stated that where the right is clear and there is no serious or substantial dispute as to the material facts, a court of equity may exercise its power without a prior adjudication at law.

There is no dispute in this case as to the material facts and the appellee is not required to first determine his rights in an action at law. Since the lease is a tenancy at will, the appellant should not be permitted to maintain a cloud on the 84 acres of land which may be utilized for development.

We agree with the lower court that equity should assume jurisdiction to decide all the matters connected with the suit. We fail to see any basis upon which appellant can oust the jurisdiction of the chancellor.

Where a full, perfect and complete remedy cannot be afforded at law, equity extends its jurisdiction in furtherance of justice. The remedy at law must be plain; or if it be doubtful and obscure at law equity will assert a jurisdiction. See *Kingsley International Pictures Corporation v. Blanc*, 396 Pa. 448, 455, 153 A. 2d 243. The rule is also set out in *Pennsylvania Railroad Company v. Bogert*, 209 Pa. 589, 601. 59 A. 100.

In *Highfield Co. v. Kirk*, 248 Pa. 19, 93 A. 815, a bill in equity was filed to compel defendants to drill an oil well or to abandon a part of the premises; the

Court declared an abandonment. The Court in that case said: "The only effect, therefore, of permitting the lessees to continue to hold that part of the surface of the thirty-five acre tract not used in operating the well, would be to cloud the plaintiff company's title, and thereby prevent it from selling the property."

It is argued by the appellee that the relief for which he prays is not available to him under any common law procedures in view of the fact that he received no royalties for over three years and that the land is rendered unmarketable. We agree with the argument that appellee does not have a complete, adequate and exclusive remedy in an action of ejectment.

Order of the court below is affirmed.