## Cobrin v. Aisenstein

*H. D. Yollin* and *J. B. Green*, for plaintiffs.
*Jack A. Rounick*, for defendant.

EPPINGER, P. J. (Thirty-ninth Judicial District, Specially Presiding), March 24, 1966. — This is an action in ejectment brought by Sylvia S. Cobrin to recover possession of a drug store property owned jointly with her husband. Plaintiff's husband, Louis H. Cobrin, was joined as an unwilling plaintiff under Pennsylvania Rule of Civil Procedure 2227(b). The suit is against a tenant in possession under a lease. The validity of the lease is admitted by the husband and contested by the wife, who alleges that she did not sign it. The trial was before the court without a jury.

The facts are relatively simple. Between the owners of the property, Louis and Sylvia Cobrin, there was a history of discord, though they are still married. While the owners were living together in the premises, the husband generally managed the property in which he also conducted a drug store in his own name. Louis Cobrin sold the assets of his business to Allen Aisenstein. The contest here is over the lease for the drug store premises in which Aisenstein is now operating the business.

Sylvia Cobrin said she didn't sign the lease. Louis, her husband, said she did. But he and defendant contended at the trial without a jury that even if she didn't sign the lease, it was still valid.

The lease contains signatures purporting to be those of Sylvia S. Cobrin. Mrs. Cobrin emphatically stated they were not hers. A genuine signature was obtained from her on the witness stand and on the basis of her denial and the differences apparent in the signatures on the lease and the genuine, the court finds that she

did not sign the lease. The husband's testimony that she did was not especially strong, nor so convincing as to persuade the court over her denial. It is somewhat unusual that this instrument passed without the signature of any of the parties being witnessed.

There is a well-established presumption in Pennsylvania that either spouse, where land is held by the entireties and so long as the marriage subsists, has power to execute a lease for both: O'Malley v. O'Malley, 272 Pa. 528; Gasner v. Pierce, 286 Pa. 529; Wakefield v. Wakefield, 149 Pa. Superior Ct. 9; Lohmiller v. Gotwals, 150 Pa. Superior Ct. 539. The case of Schweitzer v. Evans, 360 Pa. 552, modifies the presumption by saying:

". . . *provided the fruits or proceeds of such action inure to the benefit of both* . . . But the situation is entirely different where, as in the present instance, the surviving spouse repudiates the action of his deceased co-tenant and does not seek to share in its benefits, the attempted lease being extremely disadvantageous to, and indeed a complete ignoring of, his own interest in the premises".

There is also a presumption that the monies received will be expended for the benefit of both of them: Glover v. Manupelli, 201 Pa. Superior Ct. 429. It is up to the dissenting spouse to rebut these presumptions.

In this case, the presumptions have not been rebutted. There was no proof that the lease was disadvantageous to the wife. Aisenstein has been paying $375 monthly under the lease. Mrs. Cobrin contended in her complaint that the reasonable rental value of the property was $500 monthly, but this was not proven.

The court is persuaded that all the funds received from the leased premises benefited the wife but if not all, then such a small part did not as to be completely offset by the contribution the husband made from his own funds and the work he did in managing the prop-

erty. The husband is also paying a substantial support order to the wife.

From all of the evidence, the court is persuaded, therefore, that the rental is reasonable and that the moneys received are being expended for the benefit of both the husband and wife. The next conclusion would be that the husband's signature on the lease would be binding upon both of the parties and that the wife's signature is not necessary to make it a valid lease. The husband is the personal agent of the wife.

The wife argues that the rule is different because this lease is for a term of 10 years. The Pennsylvania Statutes of Frauds, Act of March 21, 1772, 1 Sm. L. 389, sec. 1, 33 PS §1, and Act of April 6, 1951, P. L. 69, article II, sec. 202, 68 PS §250.202, require written authority for agents to sign leases for a term longer than three years. She contends that since the husband was not authorized in writing, the lease violates the statutes of frauds.

This argument was considered by the Common Pleas Court of Luzerne County, Jacobs v. Jacobs (No. 1), 45 Luz. 43. A complaint in ejectment demanding possession of plaintiff's premises was answered, alleging defendant had a lease signed by Walter S. Robbins, former owner. It was stated that at the time the lease was made the property was owned by Walter S. and Elizabeth S. Robbins, husband and wife. The lease was for a term greater than three years.

Plaintiff replied that since only Walter signed the lease and his authority did not appear in writing, the lease violated the statute of frauds. To this the court said:

" 'Under the modern Pennsylvania concept of such estate (tenancy by the entireties), neither party may exclude the other from occupancy; neither party alone may alienate or affect any part of the principal or income by separate action *except that one spouse alone*

*may execute a lease for the benefit of both . . . . '*
(Italics ours.) Wallaesa, Appellant v. Wallaesa, 174
Pa. Super. 192, 197.

"It is presumed, until the contrary appears, that
the moneys received from a lease executed by only one
spouse in a tenancy by entireties will be expended for
the benefit of both of them.

"While the marriage subsists it is a matter of in-
difference which of the parties leases the property or
which of them obtains the rents; presumptively the
moneys received will be expended for the benefit of
both of them.' O'Malley, Appellant v. O'Malley, 272
Pa. 528, 533.

"Therefore the contention of the plaintiff that the
statute of frauds, supra, has been violated because
the aforesaid lease is in excess of three years and was
signed and executed by Mr. Robbins without the
joinder of his wife, is without merit".

This reasoning supports the proposition that where
the law creates a presumption of agency on the part
of either spouse to lease the jointly held property on
behalf of the other, and the presumption is not re-
butted, the statute of frauds is not applicable, even
though the lease is for a term greater than three years.
The purpose of the statute of frauds is to avoid oppor-
tunity for fraud and perjury likely to arise from *oral
leases* of land involving more than three years: Hol-
land Furnace Company v. Keystone Dehydrating Com-
pany, 151 Pa. Superior Ct. 495. But, here, the agency
of the husband is not created by oral statements but
by a presumption of the law.

In her argument, Mrs. Cobrin relies on the
Schweitzer case, supra, for her contention that the
present situation is governed by the statute of frauds.
The true holding of that case in that connection is that
where the presumption of agency as between husband
and wife is rebutted and an actual agency is relied

upon, the agent's authority to act must be in writing. Defendant, therefore, has a valid and binding lease.

VERDICT

Now, March 24, 1966, in accordance with the foregoing opinion, I find in favor of defendant.