## Weiss, Appellant, *v*. Beihl.

*Husband and wife—Estate by entireties—Bankruptcy of a husband—Equity—Injunction.*

A trustee in bankruptcy of a husband has no standing to maintain a bill in equity to restrain the husband and his wife from alienating property which they hold as tenants by entireties.

Argued March 21, 1911.  Appeal, No. 373, Jan. T., 1910, by plaintiffs, from decree of C. P. No. 1, Phila. Co., Sept. T., 1910, No. 1,465, dismissing bill in equity in case of Charles J. Weiss, Trustee in Bankruptcy of the Estate of Ernest H. Beihl, a bankrupt, both individually and trading as E. H. Beihl & Company, v. Ernest H. Beihl and Clara L. Beihl, his wife, and the said Ernest H. Beihl and The Integrity Title Insurance, Trust & Safe Deposit Company, Trustees under the will of C. A. Adolph Meyer, deceased. Before FELL, C. J., BROWN, POTTER, ELKIN and STEWART, JJ.  Affirmed.

Bill in equity for an injunction.

For the facts see Meyer's Estate, No. 1, ante, p. 89, and Meyer's Estate, No. 2, ante, p. 95.

*Error assigned* was decree dismissing the bill.

*George P. Rich,* for appellant.

*Harvey Gourley,* for appellee.

OPINION BY MR. JUSTICE STEWART, May 23, 1911:

The facts on which this suit in equity was based are fully recited in the two appeals next preceding, from the decree of the orphans' court of Philadelphia, Meyer's Est., No. 1, and Meyer's Est., No. 2, and need not be here repeated. Those appeals superseded this, and the conclusion arrived at in them settles all that was involved in the bill filed in this case. The bill was filed before the trustees had settled their account and prayed an injunction restraining Beihl and his wife from alienating the property and further relief. The bill was demurred to and the demurrer sustained. The appeal is from that decree, and it is dismissed.