In re BEIHL.

(District Court, E. D. Pennsylvania.   July 16, 1912.)

No. 3,511.

BANKRUPTCY (§ 279*)—RESTRAINING CONVEYANCE BY BANKRUPT—REALTY HELD BY ENTIRETY.

A trustee in bankruptcy is not entitled to an order restraining the bankrupt and his wife from conveying real estate of which they are seised as tenants by entirety, since the court has no power to restrain the wife, and whatever title the bankrupt had, which he could have conveyed, passed from him to the trustee by operation of law on the adjudication.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. §§ 419–424; Dec. Dig. § 279.*]

In the matter of Ernest H. Beihl, bankrupt.  On petition of trustee for restraining order, and exceptions to report of referee.  Report confirmed, and petition denied.

See, also, 176 Fed. 583.

Harvey Gourley, of Philadelphia, Pa., for bankrupt.

George P. Rich, of Philadelphia, Pa., for trustee.

J. B. McPHERSON, Circuit Judge.  The nature of the present controversy appears in the following report of the learned referee, Richard S. Hunter, Esq.:

"The bankrupt was adjudicated under a voluntary petition on July 2, 1909, and a trustee was duly elected on July 21, 1909.

"On December 19, 1902, C. A. A. Meyer, the father of Clara L. Beihl, the wife of the bankrupt, died in this city, leaving a last will by which he devised certain real estate of considerable value in the city of Philadelphia to his daughter, the said Clara L. Beihl, and her husband, Ernest H. Beihl, in fee simple, as tenants by entireties, and after certain bequests he ordered and directed as follows: 'All the rest, residue and remainder of my real estate * * * I give, devise and bequeath unto my daughter, Clara L. Beihl, and her husband, Ernest H. Beihl, absolutely and forever as tenants by entireties.'

"Under this will Ernest H. Beihl and Clara L. Beihl, his wife, are together seised as tenants by entirety of the real estate mentioned and described in the said will.  Subsequent to this bankruptcy the bankrupt, in conjunction with his wife, entered into an agreement with one William J. Martin to sell to him one of the said properties for the sum of $6,500. Martin, however, declined to complete the purchase of the property on the ground that Beihl could not, by joining in the deed with his wife, convey to him a good and marketable title, by reason of the said bankruptcy proceedings.  Thereupon an amicable action in assumpsit and case stated were brought and filed in the court of common pleas No. 1, September term, 1911, No. 3,543, by Beihl and wife against Martin, to determine the validity of the objection.  In this proceeding William J. Martin was represented by counsel for the trustee in bankruptcy, and the court held that the plaintiffs could convey such a title to the defendant as could not be disturbed by the trustee in bankruptcy in the event of Mrs. Beihl dying, leaving her husband surviving; and entered judgment accordingly.

"An appeal was thereupon taken by Martin to the Supreme Court of Pennsylvania (No. 119) January term, 1912, which was duly argued.  That court has recently rendered a decision confirming the judgment of the lower

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

court and holding that the deed from the husband and wife is sufficient to pass title free from the effect of the bankruptcy proceedings, and free from any contingent interest or ownership therein by the trustee in bankruptcy in the event of the bankrupt surviving his wife. The trustee in bankruptcy thereupon brought his petition in the District Court of the United States, setting forth the proceedings in the state courts, and averring that although it might be the law of Pennsylvania that the bankrupt by joining in a deed with his wife could convey an absolute title to the purchaser free from any claim by the bankrupt in case he survived his wife, yet nevertheless the federal court had jurisdiction to restrain the bankrupt from executing any such deed, or in any manner attempting to convey his right and title in the said properties, which the petitioner alleged had now passed to his trustee in bankruptcy; and then praying for an order to restrain the said bankrupt, either alone or in conjunction with his wife, from selling, or attempting to sell, his right and title in said properties to any purchaser. This petition has been referred by the court to this referee with an order to ascertain and report the facts, together with the testimony, his finding, and recommendations thereon within 10 days.

"What are the rights of the parties under the law of Pennsylvania? In McCurdy & Stephenson v. Canning, 64 Pa. 39, it was decided under the act of 1848 (P. L. 536) a purchaser at sheriff's sale under a judgment against a husband of his interest in real estate held with his wife by entireties cannot recover possession as tenant in common with the wife during her life, for the reason that the wife was entitled to physical possession of the whole of the land during the joint lives of herself and her husband. The ground of the decision was in effect that to give possession of the whole with a stranger would be a possession which she could not enjoy. The court declared that the property could not be rented and a moiety and the rents paid to the wife, as that would deprive her of her estate and give her another of inferior value.

"The opinion of Judge Thayer in McCurdy & Stephenson v. Canning, supra, has been consistently followed. The trustee in bankruptcy appeared before the orphans' court of Philadelphia county, who were adjudicating Meyer's estate, and claimed half of the fund before the court on the ground that the Act of June 8, 1893, § 1 (P. L. 344), had entirely destroyed estates by entirety, that the title of Beihl and his wife was as tenants in common, and that the husband's half interest had under the bankruptcy passed to the trustee. The orphans' court denied the claim; and on appeal the Supreme Court decided that the act of 1893 did not change the nature of the wife's estate, nor destroy the legal unity of the relation between husband and wife, and consequently did not abolish estates by entireties existing between husband and wife. 'In estates of this kind,' says Judge Stewart, 'the husband and wife are not joint tenants or tenants in common, but both are seised of the entirety per tout et non per my. As a consequence neither can dispose of any part without the consent of the other, but the whole must remain to the other. It follows that the interest of the appellant in the fund in dispute is at most a contingent one; he is not personally a substitute for the husband and cannot be; his right to the use and enjoyment of any part of the fund must await the happening of the contingency of the husband surviving the wife. Until that happens the wife's right to the enjoyment of the whole may not be disputed by any one claiming under the husband.' Meyer's Estate No. 1, 232 Pa. 89, 81 Atl. 145, 36 L. R. A. (N. S.) 205.

"In an appeal by the husband and wife from that part of the same decree which required of them security for the payment over to the trustee in bankruptcy of one-half the fund in the event of the husband surviving the wife, the court said: 'Being an estate by entireties, neither the husband nor wife could under any circumstances require an accounting by the other, nor could either restrain the other against consuming more than an equal part. The effect of requiring security as a condition of the wife's enjoyment of her estate would be to restrain the consumption by her of her own property in order that her husband's creditors might be protected. She received the estate on no such condition. It is hers to consume if she so

desires. The husband would be powerless to prevent it by legal proceedings, and those claiming under him have no higher rights.' The decree of the orphans' court was modified by striking therefrom the order for security for the protection of the trustee in bankruptcy. Meyer's Estate No. 2, 232 Pa. 95, 81 Atl. 147.

"The trustee in bankruptcy, as hereinbefore recited, came before the court of common pleas No. 1, Philadelphia county, with a bill in equity to restrain the husband and wife from alienating the property, and upon the decision of the court of common pleas against him appealed to the Supreme Court. Argument was had on March 21, 1912, and the opinion of the Supreme Court was thereafter delivered by Stewart, J. After defining estates by entireties and distinguishing the case of Fleek v. Zillhaver, 117 Pa. 213, 12 Atl. 420, the court said: 'The fact that we have here a referee or assignee in bankruptcy adds nothing to the complication. Any one claiming an interest in the premises through such an officer would be in exactly the same position as a purchaser at sheriff's sale. The same results must follow whether the attempted severance of the title is by the assignee or sheriff. We may therefore disregard the bankruptcy feature of the case and address ourselves to the naked question whether under a joint conveyance from husband and wife the purchaser will take the estate divested of separate liens acquired against either, if any.' Then admitting that Fleek v. Zillhaver, supra, established the fact that judgment obtained against the husband might be a lien, the Supreme Court decided that this lien could only be upon the realization of the expectancy, and that it did not interfere with the validity of a conveyance by the husband and wife to a third person. 'The owner of such a lien,' says Judge Stewart, 'must hold it subject to its possible extinction in either of two events, the predecease of the husband, or the alienation of the estate by the joint action of the parties.' The judgment of the lower court was affirmed."

The referee thereupon reported that the petition should be dismissed, and the trustee has brought the matter before the court by exception. There is, I think, one sufficient reason for approving the referee's recommendation; but I may preface what I have to say on that subject by a few general remarks.

It is easy to understand why difficulties have been encountered by the courts in dealing with the estate by entireties. This "venerable and unique common-law estate," to use Mr. Justice Stewart's phrase, is founded upon the fiction that husband and wife are one person and not two; but it is nevertheless conceived of as giving the entire interest in the whole property, not to the two jointly, but simultaneously to each, and as giving it without possibility of severance. These completely interfused interests cannot be divided by partition; neither owner can dispose of it except as a whole, and neither can dispose of it without the concurrence of the other. But, from another point of view, each has only an expectancy, for, upon the death of one, the other takes the whole in severalty, not by survivorship, but by the original title. Of course, it is possible to reason about such a perplexing abstraction, and rules have been gradually evolved to govern the necessarily conflicting interests that are thus compelled to live together without the possibility of divorce. But, as may be supposed, while these rules may be the result of reasoning in forms of the syllogism, they are apt to be artificial, and sometimes they lead to a contradiction in terms. For example: Each of these curious tenants owns what may be a valuable interest, but cannot exercise the most distinctive characteristic of ownership—the power of disposition. The husband

owns the entire estate, but so does the wife, and therefore if he should be permitted to sell it he would be selling her property. Nor may he incumber it, except contingently—since incumbrance may be the first step to a sale, and this would be to pledge her property to his creditors. Nor may his creditors seize it by any process of the law, for she owns it all, and, unless he survives her, it will never be either at his disposal or at theirs. And this catalogue of difficulties could easily be extended, if it were necessary to exhibit more plainly the peculiar structure that has been built on the foundation of pure fiction. The Supreme Court of Pennsylvania, in four opinions recently delivered during the litigation over this very estate, has said, I think, all that need be said on the subject. See Meyers' Estate No. 1, 232 Pa. 89, 81 Atl. 145, 36 L. R. A. (N. S.) 205; Meyers' Estate No. 2, 232 Pa. 95, 81 Atl. 147; Weiss v. Beihl, 232 Pa. 97, 81 Atl. 148; and Beihl v. Martin, 236 Pa. 519, 84 Atl. 953. I shall merely add that, while the estate by entireties is undoubtedly highly artificial, the courts during many years have elaborated it, have defined its qualities, and have made it a rule of property. If it is to be disturbed, the Legislature and not the courts should disturb it, so that vested rights may not be interfered with. I do not agree that the Pennsylvania decisions have left the subject in uncertainty, and as satisfactory evidence upon this point I refer to the cases that have just been cited.

It is clear, I think, from the foregoing remarks, that the trustee has never been actually or constructively in possession of the estate in controversy. And, not being Mrs. Beihl's husband, he has no present right to the possession, and cannot have. But—and this is the sufficient reason for denying the petition—he is already clothed with all the interest the bankrupt could have conveyed to him at the date of the adjudication, and a restraining order now would therefore be superfluous. Whatever title the bankrupt had then has already passed from him by operation of law, and—on his own account, and for his own benefit—he has no longer anything to convey. It might do no harm, indeed, to restrain him formally from an act that he is already unable to do; but it would be a mistake to regard his interest only, and to overlook his wife's. So far as she is concerned, I certainly have no power to make an order that would interfere with her right to dispose of her own property, and I shall not attempt to do so. What was his interest is now his trustee's.

The recommendation of the referee is approved, and the petition is refused.