## Lechner v. Greene et ux.

*Bankruptcy—Tenants by entireties—Execution on joint estate.*

Where tenants by the entireties of both real and personal property are severally adjudicated bankrupts with a common trustee for each, an execution issued upon a joint judgment against both prior to their adjudication in bankruptcy is valid, and funds realized from the sale belong to the plaintiff in the execution and not to the trustee in bankruptcy.

Petition of trustee in bankruptcy for funds in hands of sheriff. C. P. Tioga Co., May T., 1925, Nos. 61 and 62.

*Crichton & Owlett*, for trustee in bankruptcy.

*Rockwell & Rockwell*, for execution plaintiff.

MARSH, P. J., Oct. 24, 1925.—The petition in this case involves the consideration of but one question — what is the effect upon personalty, jointly owned by husband and wife, of separate petitions in bankruptcy, upon which they are severally adjudicated bankrupt?

Percy A. Greene and his wife, Helen G. Greene, were the owners by entireties of a farm and of certain personal property. Frederick Lechner issued execution upon their joint obligation Feb. 23, 1925, and levied upon and sold both personal and real estate of the debtors.

The sheriff has in his hands the sum of $939.40, derived from the sale of the defendants' personal property. Of this amount, $11.50 was derived from the sale of property admitted to have been owned solely by Helen G. Greene. The residue, $927.90, was derived from the property owned jointly by husband and wife.

This residue is claimed by the plaintiff in the executions, Frederick C. Lechner, and by S. P. Hakes, the trustee in bankruptcy of each of the two bankrupts. If the personal property owned jointly by husband and wife, and listed by each of them in the separate petitions filed by them in bankruptcy as the individual property of the petitioner, belongs to the trustee for equal distribution to their creditors, then this petition should be allowed and the fund in the sheriff's hands should be turned over to the trustee.

No case has been cited, and we have found none, in which this precise question has been adjudicated. There are, however, cases where one of the holders of an estate by entireties has been adjudicated a bankrupt and the rights of a trustee of such holder have been adjudicated by our appellate courts.

While the estate by entireties continues, it is utterly impossible for either party, without the other joining, to sell or assign his or her interest therein, even the expectancy of survivorship.

Where a husband and wife hold an estate by entireties, their joint deed is sufficient to pass title in the land free from the effect of bankruptcy proceedings and judgments against the husband, and free from any contingent ownership by the trustee in bankruptcy, in the event of the husband surviving the wife: Beihl *v.* Martin, 236 Pa. 519. To the same effect may be cited Meyer's Estate, No. 2, 232 Pa. 95.

The acts relating to the property of married women do not alter the incidents of an estate by entireties, but since their passage a purchaser of the title of one acquires no right of possession during the life of the other. Neither can sell even the expectation of survivorship without the joinder of the other, nor can a valid title to the income or expectancy of survivorship of one be obtained by a sheriff's sale or under proceedings in bankruptcy: O'Malley *v.* O'Malley, 272 Pa. 528.

That the cases cited rule the case at bar we have no doubt. Percy A. Greene and Helen G. Greene filed separate petitions in bankruptcy, and only the circumstance that they have the same trustee gives even color to the claim that the petitioner in this case is entitled to the fund in the sheriff's hands. Had they gone into bankruptcy at different times, or had a different trustee been appointed for each upon their separate petitions, no possible question could arise. The difference in the situation presented by the appointment of the same trustee is one that does not bear analysis.

An interest or estate which neither could separately sell, assign or create an obligation upon cannot be taken out of the rule governing entireties by a petition in bankruptcy.

And now, Oct. 24, 1925, in accordance with the foregoing opinion, it is ordered that the sheriff turn over to S. P. Hakes, trustee in bankruptcy of Helen G. Greene, $11.50, received by him from the sale of her individual personal estate, and that the remainder of the fund, less costs and proper charges against the same, be turned over to Frederick C. Lechner, the plaintiff in the writs of execution.          From G. Mason Owlett, Wellsboro, Pa.