## Lalich v. Lalich

*Harry Doerr*, for plaintiff.

*Frank P. Barnhart*, for respondent.

GRIFFITH, J., June 9, 1947.—This is a bill in equity filed by a husband against his wife, requesting an accounting for one half of the profits of the Workingman's Lunch and one half of the rentals derived out of the rented properties in Franklin Borough. A preliminary injunction was issued restraining respondent wife from interfering with plaintiff's right to enter in the possession of the Workingman's Lunch and to manage the same. These properties were owned by the parties as tenants by the entireties. An answer was filed and testimony taken.

At the conclusion of plaintiff's testimony, defendant moved to dismiss the bill under Equity Rule 66, on the ground that the averments of the bill had not been sustained, and for the reason that the Act of June 8, 1893, P. L. 344, sec. 3, as amended by the Act of March 27, 1913, P. L. 14, 48 PS §111, while permitting a husband to sue his wife to protect or recover his separate property, did not permit him to sue her in connection with properties owned by them as tenants by the entireties. The court reserved its ruling on the motion and heard defendant's testimony, and now defendant urges that the motion to dismiss the bill should be granted.

The Act of 1893, supra, as amended, provides that a husband may not sue his wife "except in a proceeding for divorce or in a proceeding to protect or recover his separate property."

The Superior Court had before it a similar situation in the case of Wakefield v. Wakefield, 149 Pa. Superior Ct. 9, in which case a wife sued her husband for an accounting for rents which had accrued after their separation, the rents in dispute having arisen from properties held by them as tenants by entireties. Upon preliminary objection, the court dismissed the bill, which action was sustained by the Superior Court. The court said (p. 13) :

"While the marriage subsists it makes no difference which of the parties leases the property and obtains the rents; the leasing by either is for the benefit of them in that relation. . . . Consequently, it being admitted that plaintiff and defendant are still wife and husband, under the circumstances set forth in the bill neither could require an accounting by the other of the rents from the real estate owned by them as tenants by entireties. See Meyer's Estate (No. 2), 232 Pa. 95, 96, 81 A. 147; O'Malley v. O'Malley, supra (272 Pa. 528), pp. 535, 536."

In the case of Gontek v. Gontek, 58 D. & C. 419, plaintiff and defendant were husband and wife and held a bank account as tenants by entireties. Without notice to the wife, the husband transferred the entire balance to his own account, and the wife brought a bill in equity asking for an accounting and requested the court to order respondent husband to pay her one half of the amount in the account to which the husband transferred the joint funds. In this case, respondent's preliminary objections were overruled, but for the reason that the action of respondent husband in transferring the account to his own name violated the rights of his wife as a tenant by the entireties and gave her

the right to elect whether or not to consent to the termination of the estate by the entireties. It was held here that the wife's action in requesting one half of the funds in the husband's name, which he was deemed to hold as trustee for her, was an election to terminate the estate by the entireties, and therefore one half of this amount became the separate property of the wife, and she was entitled to an accounting as to it under the exception contained in the Act of 1893, supra.

In the present case, however, there has been no termination of the estate by the entireties and under the rule in the Wakefield case, supra, the husband is not entitled to an accounting of the profits and the rentals derived from the properties.

As a matter of fact, defendant's testimony explained in some detail her application of the rentals and profits during the time her husband was in the armed forces. During this period of time she paid off debts against the properties in the sum of approximately $17,000, or at the rate of about $6,000 a year.

Since each of the tenants by entireties is entitled to the possession and occupancy of the premises, although neither has the right to exclude the other, no injunction is required in this case. Either party may take possession of the premises or remain in possession of the premises, and either or both parties may conduct the business of the Workingman's Lunch. It is to be hoped that if the parties will operate the business together they will realize that it is to their mutual advantage to continue to do so. However, we find that this proceeding is not within the exception of the statute since the husband is not seeking to protect or recover his separate property.

We, therefore, enter the following

*Decree nisi*

And now, June 9, 1947, after argument and upon due consideration, defendant's preliminary objections

are sustained, and it is hereby ordered, adjudged and decreed that the bill be dismissed at the costs of plaintiff, and that the injunction heretofore granted be dissolved.

Unless exceptions are filed within 10 days, the prothonotary is directed to enter the above decree nisi as the final decree in this case.