McGary, Appellant, *v.* Lewis.

Argued November 25, 1955.   Before STERN, C. J., STEARNE, JONES, BELL, MUSMANNO and ARNOLD, JJ.

*Clarence R. Kramer,* with him *William C. Chase,* for appellant.

*Joseph J. Lee,* with him *Frank A. Whitsett,* and *Whitsett & Lee,* for appellee.

OPINION BY MR. JUSTICE BELL, January 13, 1956:

The facts in these appeals are complicated and the issues arising thereout difficult of solution.

McGary filed a complaint in equity on *March 19, 1954* against Lewis and Margaret S. Lewis, his wife, seeking to reopen and change a judgment he had obtained *against Lewis* into a judgment against Lewis and his wife. McGary alleged that he was deceived by Lewis, and by Mrs. Lewis's silence into believing that Lewis was the sole holder of the title to the St. Cloud Hotel and the personal property contained therein. The St. Cloud Hotel was owned by Robert M. Lewis and Margaret S. Lewis, his wife, *as tenants by the entireties,* as clearly appeared from the records in the Office of the Recorder of Deeds; the personal property therein was owned by Mrs. Lewis.

The Court below made the following findings and conclusions:

"1. The plaintiff, David McGary, bid on a hotel business set forth in an advertisement appearing in the Clearfield Progress November 17, 1951, as follows:

"NOTICE ST. CLOUD HOTEL

"The undersigned will offer at public sale on Saturday, the 1st day of December, 1951, on the premises situate on Good and Hannah Streets in Houtzdale, Clearfield County, Pennsylvania: One Hotel building containing 21 furnished sleeping rooms, fully equipped bar, dining room and kitchen. Also liquor and beer license. This building and business will be offered for sale as a going business. All bidders and prospective bidders are hereby notified that *the owners** and auctioneer expressly reserve the right to reject any or all bids. 25% is required on purchase price when knocked down to bidder. Balance on delivery of deed. George 'Brody' Fox, Auctioneer. 11/17-21-24-26-28-30-ch.

"2. David McGary bid the sum of $10,000.00, and the property as advertised was sold to him.

"3. *On December 3, 1951,* the plaintiff paid the sum of $2500.00, at the Houtzdale Bank, received receipt therefor, as follows: Houtzdale, Pa. Dec 3 1951 Cert. No.—RECEIVED FROM THE HOUTZDALE BANK Bonds Nos.—David A McGary Twenty five ($2500.00) hundred Dollars on account St. Cloud Hotel. Balance to be paid on delivery of deed—not later than December 8, 1951. J. Howard Smith for Robert M. Lewis.

"4. Robert M. Lewis, one of the defendants, brought an action to recover the balance of the purchase price from David McGary, on which action McGary filed counterclaim which resulted in nonsuit of the Robert M. Lewis claim, and a directed verdict in favor of David A. McGary and *against Robert M. Lewis* in the sum of $2698.36, the amount of the $2500.00 paid

---

* Italics throughout, ours.

by him, plus interest, *upon which judgment* was entered on the 29th of July, 1953, in favor of David Mc-Gary and against Robert M. Lewis.

"5. Robert M. Lewis brought suit against the Houtzdale National Bank of Houtzdale, Pa. to No. 31 November Term, 1952, and obtained judgment in the sum of $2500.00 with interest against the said Houtzdale National Bank.

"6. The title to the real estate comprising and known as the St. Cloud Hotel was in the name of Robert M. Lewis and Margaret S. Lewis *as tenants by entireties,* and was so held prior to the date of the public sale on December 1, *1951,* and is still so held.

"7. The said *Robert M. Lewis and Margaret S. Lewis had executed a mortgage securing a bond for $2000.00* to the Houtzdale National Bank, which was of record and in existence prior to the public sale December 1, 1951.

"8. The Houtzdale National Bank set off the judgment obtained against it by Robert M. Lewis, to the mortgage of Robert M. Lewis and Margaret S. Lewis, his wife, and satisfied the said mortgage of record.

"9. On December 3, 1951, after McGary, plaintiff in the case at bar, paid $2500.00 to the Houtzdale National Bank, the Houtzdale National Bank made out a cashier's check to Robert M. Lewis for the sum of $2500.00.

"10. On December 7, *1951,* Robert M. Lewis, one of the defendants, received the cashier's check from the cashier of the Houtzdale National Bank, endorsed it and delivered it to the Bank *to pay off the mortgage* on the St. Cloud Hotel property.

"11. In the suit of Robert M. Lewis, one of the defendants in the case at bar, against David McGary, plaintiff in the case at bar, to No. 65 November Term,

1952, which suit was for recovery of the balance of the purchase price bid by David McGary on December 1, 1951, nonsuit was entered May 7, 1953 at the end of the trial of the case, because the then plaintiff, Robert M. Lewis, had employed persons to boost the sale price.

"12. On the same date, May 7, 1953, and at the conclusion of the trial, in the same action to No. 65 November Term, 1952, a directed verdict was rendered in favor of David McGary, the plaintiff in the case at bar, against Robert M. Lewis, for $2698.36, the amount of Robert M. Lewis' counterclaim for the purchase price, with interest.

"13. *Judgment was entered on this verdict on the 29th day of July, 1953, and no appeal was taken therefrom.*

"14. The plaintiff issued a fi. fa. on the judgment he obtained to No. 65 November Term, 1952 and levied upon the furnishings and equipment in the St. Cloud Hotel, to which Margaret S. Lewis filed interpleader and established that she had purchased the furnishings and fixtures levied upon from her own funds, obtained other than through her husband.

"15. On December 7, 1951 Robert M. Lewis at the Houtzdale Bank, endorsed the cashier's check received by him, and *directed its application to payment of the mortgage, the balance to go to his account,* and some time later on the same day, David McGary, plaintiff, demanded of the Houtzdale Bank the return of the $2500.00 he had paid in on December 3, 1951.

"16. The Houtzdale National Bank in the suit of Robert M. Lewis against it, to No. 31 November Term, 1952, took the position it was a stakeholder and requested, and received, rule on the plaintiff in this action, David McGary, to interplead in said action.

"17. As a result of said action Robert M. Lewis, the plaintiff in the proceeding to No. 31 November

178

Term, 1952, recovered a judgment of $2500.00 against the Houtzdale National Bank. . . .

"The appropriation of the money by Robert M. Lewis, when he received it, or its equivalent [from the bank], on December 7, 1951, was a purely voluntary act on the part of Lewis. . . . *Robert M. Lewis at that time could and did dispose of the money as he saw fit,* and if consideration for the sale had failed, McGary had the right to recovery, which he did by getting a directed verdict in the proceedings at No. 65 November Term, 1952.

"The mere fact that Robert M. Lewis may be insolvent,* or have no assets against which David A. McGary could recover by execution, is not ground for equitable action to bring in Margaret S. Lewis, the other defendant, who has not been shown, in any of the testimony produced in all of the cases, or in the pleadings, to have had anything whatsoever to do with the advertisement of November 17, 1951, *the receiving the money and disposition thereof,* or to have given any directions concerning disposition of the money to the Houtzdale National Bank, or to Robert M. Lewis, her husband, and that includes the testimony taken at the trial of the case at bar on October 27, 1954.

"It is also immaterial, in so far as Margaret S. Lewis is concerned, whether or not her husband, Robert M. Lewis, misled or deceived the plaintiff at the time of the sale on December 1, 1951. No evidence is shown in the slightest, which would indicate Margaret S. Lewis had any part in the entire proceeding.

. . .

"The Bill in Equity filed by David McGary [on March 19, 1954, against Mr. and Mrs. Lewis], is in ef-

---

* It is important to note that there was no proof of insolvency at the time of payment of the mortgage in December 1951—indeed there was no proof that Lewis is now insolvent.

fect equivalent to a petition addressed to the Court, to open, or otherwise alter or change a judgment. In the case at Bar, *the petition is to add to a judgment already entered,* and in existence for nearly two years, *another party as defendant,* who was not named as such in the original action, and *to extend the lien of that judgment* over the property held by the proposed additional defendant *as tenant by entireties* with the original defendant. This goes away beyond any mere petition to open a judgment. In either event, whether a petition to open judgment, or bill in equity to modify a judgment both are fundamentally based on the same grounds, namely, an appeal to the conscience of the Court, and based upon equitable grounds. *Welzel vs. Link-Belt Co.,* 154 Pa. Superior Court 66. As pointed out, a petition to open a judgment or to amend a judgment, is a substitute for a bill in equity for the same purpose, and can be granted only upon equitable consideration. *Nixon v. Nixon,* 329 Pennsylvania 256.

"The equitable consideration presented in the case at Bar, is the fraud alleged by David McGary, in not disclosing to him that Robert M. Lewis and Margaret S. Lewis were owners of the property by the entireties. *This allegation is without foundation.* The advertisement for the sale of the property to be sold at public sale to the highest and best bidder, discloses the ownership of the property as plural, the advertisement containing these words: 'All bidders and prospective bidders are hereby notified that the *owners* and auctioneer explicitly reserve the right to reject any or all bids.' In addition thereto, when the trial of Robert M. Lewis vs. David McGary, to No. 65 November Term 1952, arrived, Robert M. Lewis was put on the stand by counsel, and as plaintiff, and the fourth question asked him was: 'Were you the owner of the St. Cloud Hotel property?' He answered: 'Me and my wife.' . . .

"It is a well established rule in Pennsylvania, that a judgment will not be disturbed after the expiration of the term, on the grounds of fraud, except for extrinsic collateral fraud promptly complained of after its discovery; and by extrinsic or collateral fraud is meant some act or conduct of the prevailing party, which has prevented a fair submission of the controversy. In the case at Bar, the record discloses that not only in the advertisement of the public sale, the ownership of the property was not singular but plural, but the statement of the defendant, Robert M. Lewis, himself, in open court before the jury and during the trial, was that he and his wife owned the property, precludes any remote notion that any fraud occurred. Moreover there is nothing shown in the Bill in Equity at Bar, that constitutes extrinsic evidence of fraud, as required under the laws of Pennsylvania. *Willetts vs. Willetts*, 96 Pa. Superior Court 198. In addition, while judgments of confession or upon default, remain indefinitely within the control of the Court and may be opened or vacated upon proper cause at any time, judgments obtained adversely can not be disturbed after the term in which they were entered."*

To this we add the following:

In *Nixon v. Nixon*, 329 Pa. 256, 263, 198 A. 154, the Court said: "But, it is of paramount importance that petitions to vacate and set aside should be distinguished from petitions to open. The former are based on fatal defects apparent on the face of the record, while petitions to open concern other matters associated with the decree or judgment, or those upon which the decree or judgment is based, in other words, the merits of the controversy ending in the final judgment. . . . while

---

* For exceptions to this general rule, see *Nixon v. Nixon*, 329 Pa. 256, 198 A. 154.

there is no time limit within which to act in striking off or vacating a judgment, it must be in a reasonable time after knowledge, while applications to open, where the cause has been litigated, must be made within term time,. *except in extraordinary equitable circumstances requiring a contrary result*: Salus v. Fogel, 302 Pa. 268. . . . The importance of the distinction here lies in the equitable character of a petition to open. That such a petition is equitable in nature and must be supported by such grounds as would justify a chancellor in entering a decree, has been frequently reiterated by this Court. See Mielcuszny v. Rosol, 317 Pa. 91; George v. George, 318 Pa. 203; U. S. Savings & Trust Co. v. Helsel, 325 Pa. 1, 5; Schuylkill Trust Co. v. Sobolewski, 325 Pa. 422, 424; Pierce v. Kaseman, 326 Pa. 280, 283-284. It is an appeal to the conscience of the court and can be granted only on equitable considerations."

McGary sued and obtained a judgment against Lewis. He now seeks to have this judgment opened and changed into a judgment against Lewis and Mrs. Lewis in order that he may levy on a hotel property which for many years had been owned by Lewis and Mrs. Lewis as tenants by the entireties. The Chancellor found that Mrs. Lewis had nothing to do with the sale of the hotel or the receipt of the proceeds of the sale, or with the use or the application of part of the proceeds of the sale to pay off a mortgage which was secured on the hotel property which was owned, as above mentioned, by husband and wife as tenants by the entireties. The record is devoid of proof that Lewis at the time the hotel was sold or at the time the part of the proceeds of sale were applied to pay off a mortgage on the hotel property was insolvent or that the application of the money was in fraud of his creditors or that he is now insolvent. McGary's remedies are

against Lewis and cannot include a change of judgment such as he seeks herein, nor can property held as tenants by the entireties be sold by a creditor of Lewis on an execution sur a judgment obtained against Lewis: *Lunnen v. Hunter,* 348 Pa. 402, 35 A. 2d 292; *Schweitzer v. Evans,* 360 Pa. 552, 63 A. 2d 39; *C. I. T. Corporation v. Flint,* 333 Pa. 350, 5 A. 2d 126.

In *C. I. T. Corporation v. Flint,* supra, where husband and wife, holding property *as tenants by the entireties,* executed a deed to a third person, in trust to permit the grantors or the survivor to enjoy the premises during their lives, so that neither the premises nor the income derived therefrom should be liable for the debts of the grantors, with remainders over upon the death of both of the grantors, and providing that the grantors or the survivor reserved the right at any time to revoke the trust either in part or in its entirety, or to amend the same in any way they saw fit, it was held that the conveyance by the husband and wife was valid and *could not be set aside as being in fraud of creditors of the husband.*

This Court, speaking through the present Chief Justice, said (page 354) : "Tenancy by entireties is a venerable institution of the common law; it rests upon instincts which form the very warp and woof of our domestic and social fabric. In such a tenancy each spouse is seized per tout et non per my. There is but one legal estate, which, by a long course of judicial decisions, has been buttressed against inroads attempted either by the parties themselves or by their individual creditors. Thus, a purchaser at sheriff's sale, under a judgment against the husband, does not acquire any right to possession, joint or exclusive, during the life of the wife: McCurdy and Stevenson v. Canning, 64 Pa. 39. Where there is a judgment against the husband, the surviving wife takes the property free of it, nor can a

tenancy by entireties be changed into one in common by any act or deed of the parties so long as they remain the owners of the property and the marriage relation continues: Hetzel v. Lincoln, 216 Pa. 60. A trustee in bankruptcy of the husband is not entitled, during the life of the wife, to any part of the principal or income of the estate: Meyer's Estate (No. 1), 232 Pa. 89. The wife's enjoyment of the property cannot be restricted in order that the husband's creditors may be protected: Meyer's Estate (No. 2), 232 Pa. 95. The husband's trustee in bankruptcy cannot restrain the husband and wife from alienating the property: Weiss v. Beihl, 232 Pa. 97.

". . . As long as the title was held by entireties it was not an asset of Flint available for his creditors. They could not have attached it or his interest in it. It could have been conveyed by him and his wife so as to be forever beyond their reach. They could seize upon it only if, on the death of the wife, it had not been conveyed and the husband survived. He was not under a legal duty to see that this possible interest was preserved for the benefit of his creditors. The situation is wholly dissimilar from the more familiar one where the owner of property which is subject to the claims of creditors conveys it away in an attempt to free it from that liability. It is not a fraud in contemplation of law to deprive one of that to which he has no right."

The judgment of the Court of Common Pleas of Clearfield County No. 135½ April Term, 1954, is affirmed. The Final Decree of the Court of Common Pleas of Clearfield County at No. 1 April Term, 1954, is affirmed; each party to pay his own costs.

---

DISSENTING OPINION BY MR. JUSTICE JONES:

I would reverse the decree in the equity case (Appeal No. 305) and dismiss the appeal from the judg-

184

ment in the sheriff's interpleader proceeding (No. 328).

In the equity case, the plaintiff sought to impress against Robert M. Lewis and his wife, jointly, his judgment against Robert M. Lewis, individually. I agree that a general liability cannot be so imposed notwithstanding the wife stood by and tacitly, if not culpably, saw her husband obtain $2,500 from the plaintiff as a part payment on the aborted auction sale of the Lewis' hotel property, owned by them by the entireties, as the property of the husband, individually. That $2,500, by diverse transfers, was used by the Houtzdale Bank to satisfy a mortgage, in like amount, of the Lewises jointly on the hotel property. In other words, Mrs. Lewis and her husband have wrongfully received the benefit of the plaintiff's $2,500 which he is unable to collect from the husband alone out of the jointly held hotel property. In my opinion, the facts present a clear case of unjust enrichment of both Mrs. Lewis and her husband for which the plaintiff's judgment against Lewis should be reformed so as to be against Lewis and his wife, jointly, with the lien thereof limited to the hotel property. This would be in accordance with equitable principles and a specific prayer of the bill of complaint.