**Foto Craft Corporation v. Pistone**

*J. H. Kleinfelter* and *Edward C. Roberts,* for plaintiff.

*Robert C. Lowe* of *Spitler, Rowe, Silberman & Kilgore,* for defendant.

*Charles V. Henry, 3rd,* for garnishees.

GATES, P. J., November 20, 1972.—We have before us the petition of Patricia C. Pistone, formerly the spouse of defendant Franklin T. Pistone, and Richard F. Moyer and Vivian C. Moyer, the garnishees, who joined in the petition seeking to stay a sheriff's sale of real estate and to have us determine the amount due to plaintiff.

On May 17, 1971, Foto Craft Corporation, hereinafter referred to as "Foto Craft," filed a demand judgment note signed by defendant Franklin T. Pistone which was dated March 8, 1971, to March term, 1971, no. 403, in the court of common pleas. When the note was signed and filed, Franklin T. Pistone and Patricia Pistone were married and owners by the entireties of property situate at 126 South Third Street, Lebanon, Pa. Patricia Pistone was not a maker nor comaker of the note.

About three months later, on July 2, 1971, the Pistones were divorced.

Five days later, on July 7, 1971, Foto Craft recorded a certified copy of the divorce decree in the office of the recorder of deeds in Lebanon County.

Subsequently, on November 24, 1971, Franklin T. Pistone, as a single man, signed a deed of conveyance transferring his interest in the subject property to his former wife, Patricia.

Seven days later, on December 1, 1971, Patricia C. Pistone deeded the property to Richard F. Moyer. On March 17, 1972, defendant Franklin Pistone filed a petition styled, "Petition to Open or Strike Confessed Judgment" which was duly answered and argued before us. Although the petition was styled in the alternative, it had none of the attributes of, and no factual allegations which would entitle defendant to have the judgment opened. Rather, it sounded as a petition to strike and was treated as such by the parties in their briefs and at argument. Consequently, on June 26, 1972, we entered an order dismissing the petition to strike the judgment, inasmuch as it was regular on its face.

Thereafter, on July 3, 1972, plaintiff issued a writ of execution directing the sheriff to sell the property

now owned by Richard F. Moyer to satisfy plaintiff's judgment.

On August 30, 1972, defendant and the garnishee filed the present petition to stay the sheriff's sale and to judicially determine the amount due to plaintiff.

For reasons which follow, we have concluded that the sheriff's sale should not be stayed, and it is premature for us to now determine the amount due plaintiff.

At a hearing held before us on September 8, 1972, it was admitted that the material and operative facts in this case are not disputed. The question before us is purely legal in nature.

When each of two persons hold an undivided fractional interest in the same real estate, they are considered in law as tenants in common. Each owns the whole of his undivided interest, and not an undivided part of the whole as in the case of a joint tenancy. Each tenant in common may convey, encumber or devise his undivided interest which is an interest in fee simple and passes to statutory heirs in the event of intestacy. Accordingly, there is no right of survivorship in cotenants in common. See Ladner on Conveyancing in Pennsylvania, 3rd ed., page 15, §1.14.

It was the law of Pennsylvania prior to 1949 that a divorce did not terminate a tenancy by the entireties and thereby convert it into a tenancy in common: Alles v. Lyon, 216 Pa. 604 (1907). A 1949 statute provides, in pertinent part, as follows:

"Whenever any husband and wife, hereafter acquiring property as tenants by entireties, shall be divorced, they shall thereafter hold such property as tenants in common of equal one-half shares in

value and either of them may bring suit in the court of common pleas, sitting in equity, of the county where the property is situate, against the other to have the property sold and the proceeds divided between them . . .": Act of May 17, 1949, P. L. 1394, sec. 1, 68 PS §501.

There is no need to agonize over the construction of the statute in determining the interest of the spouses following a divorce. Each has an interest equal to one-half share in value of the property. Furthermore, the interest for all purposes is identical to that of any other tenants in common. It may be conveyed, transferred by will, passed to heirs under intestate laws and be the subject of a lien in accordance with the Act of July 3, 1947, P. L. 1234, sec. 2, 12 PS §878.

A tenancy in common differs materially from the venerable institution of tenancies by the entireties. In the latter, each spouse is seized "per tout et non per my." There is but one legal estate and an individual creditor acquires nothing during the existence of the estate: McGary v. Lewis, 384 Pa. 173 (1956). Conversely, a judgment lien binds any freehold in estate in land held or owned by the judgment debtor whether an estate in fee simple, life estate, or in common: Ladner on Conveyancing in Pennsylvania, supra, §16.10.

Applying these principles to the present case, we conclude that a judgment against Franklin T. Pistone individually even though entered while he was a tenant by the entirety ripened into a valid lien against his interest as a tenant in common immediately upon the entry of the divorce decree without necessity on the creditor's part of either recording the divorce decree or reviving the judgment: Weir v. Taylor, 45

D. & C. 2d 197 (1967). Patricia Pistone's subsequent conveyance to the garnishees was necessarily subject to that lien. Foto Craft, therefore, has the right to execute upon Franklin T. Pistone's interest in the property conveyed to the garnishees, and the sheriff will not be restrained from selling upon the writ of execution all of the rights, title, and interest of Franklin T. Pistone in the subject property. Conversely, the one-half in value interest of Patricia Pistone, now owned by the garnishees, is not subject to sale.

It is premature for us now to determine what, if any, amount is now due to the plaintiff. The amount, if anything, to which plaintiff is entitled can only be litigated following the sale by the sheriff and the giving of notice of his proposed schedule of distribution. We realize that this case has been in litigation for quite some time. It would be needlessly indiscreet for us to render an advisory opinion about matters which may never happen and determine amounts which do not now exist. The only thing we can properly determine at this stage of the proceeding is that plaintiff is entitled to have the sheriff sell at public sale all of the right, title, and interest of the judgment debtor Franklin T. Pistone in the property situate at 126 South Third Street in the City of Lebanon, Pa. Therefore, we make the following

## ORDER

And now, to wit, November 20, 1972, the petition to stay the sheriff's sale filed to March term, 1971, judgment no. 403, and execution no. 37 of 1972, is refused. The sheriff is directed to execute the writ.