## Deerwood Builders, Inc. v. Messic

154

*George F. Douglas, Jr.,* for plaintiff.
*Clinton R. Weidner,* for defendant.

SHUGHART, *P. J.*, July 5, 1977—Plaintiff, Deerwood Builders, Inc., instituted suit against Robert L. Messic, alleging failure to pay for remodeling work done to a residence owned by him and his wife, Helen L. Messic, located at 400 N. 25th Street, Camp Hill, Pa. The suit was based on an oral contract. The matter was heard by a board of arbitrators on January 7, 1977, and an award was made to plaintiff in the net amount of $7,424.44. After entry of the judgment on February 7, 1977, petitioner filed a petition for declaratory judgment to order that the name of Helen Messic be entered on the judgment for the purpose of execution. Respondents have filed an answer admitting all of the allegations in the petition, and include therein a motion to dismiss the petition as being inadequate at law to support a declaratory judgment.

There is a serious question of the applicability of the declaratory judgment procedure to this litigation. Since this objection has not been raised by defendant, we shall dispose of the matter on its merits and without deciding if the matter is properly before us on application for a declaratory judgment.

In substance, plaintiff is requesting leave to join the wife of the defendant as a party to the litigation after judgment has been entered. Pa. R.C.P.

2232(c) provides: "At any stage of an action, the court may order the joinder of any additional person who could have joined or who could have been joined in the action and may stay all proceedings until such person has been joined. The court in its discretion may proceed in the action although such person has not been made a party if jurisdiction over him cannot be obtained and he is not an indispensable party to the action."

In interpreting this rule we must keep in mind that "[p]rocedural rules are not ends in themselves but means whereby justice as expressed in legal principles, is administered." McKay v. Beatty, 348 Pa. 286, 35 A.2d 264, 265 (1944). In the interest of justice and the speedy adjudication of all pertinent issues before the court, joinder of an additional defendant has been allowed where there is no undue factual complication, injustice, or prejudice therefrom: Oloskey v. Moskus, 47 Westmoreland 269 (1965).

Joinder is requested on the basis of testimony before the arbitrators that Mrs. Messic directed most of the remodeling work done at the residence. Her own testimony before the board was that she made up to four visits a day to the residence in order to check on the progress of the work, and further testimony that she was the one who at all times maintained correspondence with petitioner concerning the amount left to be paid on the contract. All of this evidence would seem to support a joinder of the wife had it been requested at the proper time. Such evidence would also most likely have supported a judgment against her had she been joined. The issue presented before this court, however, is not whether she could have been joined as a party defendant by timely motion at the

arbitration, but whether she can be *joined as a party after a judgment has been entered* and *without first having been given an opportunity to be heard.* Petitioner admits that Mrs. Messic's only participation at arbitration was as a witness in support of her husband, defendant. It is on that basis that we must consider joining her as a party after judgment.

In McGary v. Lewis, 384 Pa. 173, 119 A.2d 497 (1956), plaintiff filed a complaint in equity to open a judgment entered on the law side to add the wife as a party defendant, in order that the plaintiff could execute the judgment against properties held as tenants by entireties. The court identified the issue in the case as follows: "In the case at Bar, *the petition is to add to a judgment already entered,* and in existence for nearly two years, *another party as defendant,* who was not named as such in the original action, and *to extend the lien of the judgment* over the property held by the proposed additional defendant *as tenant by entireties* with the original defendant." Id. at 179, 119 A.2d at 500.

Justice Bell stated at page 181: "McGary's remedies are against Lewis [the husband] and cannot include a change of judgment such as he seeks herein, nor can property held as tenants by the entireties be sold by a creditor of Lewis on an execution sur a judgment obtained against Lewis." Id. at 181, 119 A.2d at 501.

Although we can sympathize with the petitioner's position, we are bound by prior case law to dismiss the petition. The most petitioner has shown is that respondent, Mrs. Helen Messic, should have been made a party to the original suit. Regrettably, this is insufficient reason to join her as a party at this point in the litigation.

## ORDER OF COURT

And now, July 5, 1977, for the reasons set forth in the opinion filed this date, the petition for declaratory judgment is dismissed.